UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>GARY LEE TURK HATFIELD (2),<br><br>                    Defendant. | Case No.: 19CR4749-JLS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO WAIVE OR OTHERWISE RETRACT SENTENCING ENHANCEMENT OR ALTERNATIVELY FOR AN ORDER DIRECTING THE BUREAU OF PRISONS TO APPLY SENTENCE REDUCTION**<br><br>**[ECF No. 693]** |

    Pending before the Court is a letter filed by Defendant Hatfield requesting that the Court modify his sentence or, in the alternative, direct the Bureau of Prisons to apply a 12-month sentencing credit for his completion of the Residential Drug Abuse Program ("RDAP"). ECF No. 693. Because the Court lacks authority to modify Defendant's sentence and because the Bureau of Prisons acts within its discretion to deny early release for inmates who received a sentence enhancement for possessing a firearm, Defendant's requests will be **Denied**.

    Defendant pled guilty to conspiracies to distribute cocaine and heroin and was sentenced by this Court to a term of 78 months' imprisonment. ECF 584. As part of the plea agreement, Defendant admitted possessing, during the course of the conspiracies, a

dangerous weapon, to wit: a Glock 43 9 mm handgun and a Bersa Model 224-22 caliber handgun. ECF 265 at 5. The plea agreement contained a joint recommendation for a 2-level sentence enhancement pursuant to United States Sentencing Guideline § 2D1.1(b)(1) for possession of a dangerous weapon. *Id*. at 10.

In arriving at Defendant's sentence, the Court included the enhancement for possession of a dangerous weapon in its sentencing calculation. The Court also granted Defendant's request for a recommendation to the Bureau of Prisons' RDAP program. Defendant indicates that the Court made specific reference to its intent that Defendant be awarded a time credit pursuant to 18 U.S.C. § 3621(e)[1] upon completion of RDAP. Defendant claims that, despite his participation in RDAP, he will be disqualified from receiving the time off incentive of 12 months because of the dangerous weapon enhancement included in his plea agreement.

Defendant seeks the Court's intervention to effectuate a time credit for his completion of RDAP, either by modifying his sentence to retract the dangerous weapon enhancement or by directing the Bureau of Prisons to award the credit. The first option is not possible, because Defendant's sentence is final and the Court lacks the authority to modify it. *See e.g., Dillon v. United States*, 560 U.S. 817, 819 (2010) (recognizing that federal court generally "may not modify a term of imprisonment once it has been imposed" (quoting 18 U.S.C. § 3582(c)). Defendant presents no claim regarding the validity of the sentence, nor any other circumstance which would permit the Court to modify the sentence imposed.

Nor does the Court possess the authority to require the Bureau of Prisons to award a sentencing credit for completion of a drug treatment program. Pursuant to 18 U.S.C § 3621(e)(2)(B), the discretion to award such a sentence reduction is explicitly designated to

---

[1] 18 U.S.C. § 3621(e)(2)(B) provides that upon successful completion of a treatment program, the sentence of a prisoner convicted of a nonviolent offense may be reduced by the Bureau of Prisons up to one year.

the Bureau of Prisons. Thus, although the sentencing court may make a recommendation regarding the credit, it is not binding upon the Bureau of Prisons. Furthermore, it is within the discretion of the Bureau of Prisons to promulgate a regulation categorically denying early release to prisoners whose felonies involved use of a firearm. *Lopez v. Davis*, 531 U.S. 230 (2001).

For these reasons, the Court lacks the authority to grant the relief requested by Defendant. Defendant's motion to waive or otherwise retract sentencing enhancement or alternatively, for an order directing the Bureau of Prisons to apply sentence reduction (ECF No. 693) is **Denied**.

IT IS SO ORDERED.

Dated: September 14, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge